```
                 UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HENRY CHRISTOPHER STUBBS, III,  : CIVIL NO: 3:11-CV-00452
and LARRY TOOLEY, SR.,          :
                                : (Judge Conner)
          Plaintiffs            :
                                : (Magistrate Judge Smyser)
     v.                         :
                                :
THE CITY OF WILKES-BARRE, PA    :
et al.,                         :
                                :
          Defendants            :
```

## REPORT AND RECOMMENDATION

I. Background and Procedural History.

On March 10, 2011, the plaintiffs, proceeding *pro se*, commenced this action by filing a complaint. The plaintiffs are Henry Christopher Stubbs, III and Larry Tooley, Sr., two prisoners who were convicted in Pennsylvania but are currently incarcerated in Michigan.[1] The plaintiffs filed applications to proceed *in forma pauperis*. The plaintiffs have also filed a motion for class certification and motions for the appointment of counsel.

---

1. The caption of the complaint lists a third prisoner - Larry Woodson - as a plaintiff. But Woodson did not sign the complaint or file a motion for leave to proceed *in forma pauperis*. Thus, we do not consider Woodson as a plaintiff.

The complaint names as defendants: Michael T. Conahan, a former judge of the Court of Common Pleas of Luzerne County and the former Chairman of the Luzerne County Jury Commission; Gerald Bonner and Frank Shemanski, current or former Luzerne County Jury Commissioners; Peter Paul Olszewski, Jr., the former judge of the Court of Common Pleas of Luzerne County who presided over the plaintiffs' criminal trials; David W. Lupas, Jacqueline Musto Carroll, Timothy M. Doherty, William T. Finnegan, Jr., Paul A. Galante, Joseph J. Carmody and Ingrid Cronin, current or former district attorneys or assistant district attorneys for Luzerne County who were involved in the plaintiffs' trials; Albert J. Flora, Jr., Brian Corcoran, Jonathan Blum, William Ruzzo, Mark W. Bufalino and Charles G. Ross, Jr., current or former public defenders involved in the plaintiffs' trials; Tom Leighton, the Mayor of the City of Wilkes-Barre; and the City of Wilkes-Barre.

The plaintiffs allege that they were unlawfully convicted. They allege that they are African-American and that they were convicted by juries composed entirely of Caucasian citizens and from which African-American and Hispanic citizens were purposely and systematically excluded. The plaintiffs claim that the defendants violated the Sixth Amendment, the

2

Thirteenth Amendment and the Fourteenth Amendment. They frame their federal claims as claims under 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986. They also present state-law claims.

As relief, the plaintiffs seek declaratory and injunctive relief as well as compensatory damages.

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A

3

complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

4

by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The complaint fails to state a claim upon which relief may be granted.

The plaintiffs' federal claims are barred at this time by *Heck v. Humphrey*, 512 U.S. 477 (1994).

5

In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  512 U.S. 477, 486-87 (1994)(footnote omitted).  The Supreme Court has explained that a "§ 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005).

Although *Heck* dealt with a 42 U.S.C. § 1983 claim, the reasoning of *Heck* has been applied to 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986 claims as well. *See Amaker v. Weiner,* 179 F.3d

6

48, 52 (2d Cir. 1999); *Cook v. Philadelphia*, 179 Fed.Appx. 855, 859 (3d Cir. 2006)("[C]onspiracy and failure to intervene claims under 42 U.S.C. §§ 1985 and 1986 are also barred under *Heck* because to prove either claim, Spence must show that he was denied his constitutional rights and that the officials intended or knew about the deprivation.").

    A determination in this case that the plaintiffs' juries were purposely improperly empaneled would call into question the validity of the plaintiffs' convictions. *See Batson v. Kentucky,* 476 U.S. 79, 100 (1986)(remanding case for further proceedings but stating that if on remand the facts establish purposeful discrimination by the prosecutor in exercising peremptory challenges the petitioner's conviction must be reversed); *Whitus v. Georgia,* 385 U.S. 545, 549-550 (1967)(stating that a conviction can not stand if it is based on an indictment of a grand jury or the verdict of petit jury from which African-Americans were excluded because of their race). Therefore, the plaintiffs' claims in this case are not cognizable unless or until the plaintiffs' convictions have been set aside. The plaintiffs have not alleged that their convictions have been set aside and from the allegations in the

7

complaint it clearly appears that they have not. Accordingly, the plaintiffs' federal claims are barred by *Heck*. *See Washam v. Stesis,* 321 Fed.Appx. 104, 105-106 (3d Cir. 2009)(holding that *Batson* claim brought pursuant to 42 U.S.C. § 1983 barred by *Heck); Cook, supra,* 179 Fed.Appx. at 858 (holding that *Batson* claim brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 barred by *Heck).* Therefore, the complaint fails to state a federal claim upon which relief may be granted.

Amendment of the plaintiffs' federal claims would be futile.

Because the complaint fails to state a federal claim upon which relief may be granted and the plaintiffs' federal causes of action should be dismissed, the court should decline to exercise supplemental jurisdiction over the plaintiffs' state-law claims. 28 U.S.C. § 1367(c)(3)("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - . . . the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)(holding that when federal causes of action are

dismissed, federal courts should not separately entertain pendent state claims). *See also Cook, supra,* 179 Fed.Appx. at 859 n.2 (noting that the District Court did not abuse its discretion in declining to address the state causes of action).

IV. Recommendations.

Based on the foregoing, it is recommended that the federal claims be dismissed pursuant 28 U.S.C. § 1915A, that the court decline to exercise supplemental jurisdiction over the plaintiffs' state law claims and that the case file be closed.[2]

                                                                        ***/s/ J. Andrew Smyser***
                                                                        J. Andrew Smyser
                                                                        Magistrate Judge

Dated: March 31, 2011.

---

2. By a separate Order, we have granted the plaintiffs' applications to proceed *in forma pauperis* and have denied the plaintiffs' motions for class certification and for the appointment of counsel.

9